**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

KIK INTERACTIVE INC.

                Plaintiff,

     v.

KEEK INC.

             Defendant.

Civil Action No.: 15-cv-4605

**JURY TRIAL REQUESTED**

**COMPLAINT**

Plaintiff Kik Interactive Inc. ("Kik" or "Plaintiff") complains and alleges against Defendant Keek Inc. ("Keek" or "Defendant") as follows:

**<u>NATURE OF THE ACTION</u>**

**1.** Kik offers one of the most popular social networking and messaging software applications in the world with over 200 million users.

**2.** Since its launch in 2010, Kik has continuously used the marks KIK, KIK MESSENGER, KIK & Design, and K & Design (collectively, the "KIK Marks") in the United States in connection with its social networking mobile applications and related services.

**3.** Defendant Keek has adopted and is using the marks KEEK, KEEK FOR MESSENGER, KEEK (stylized), and K & Design (collectively, the "KEEK Marks") in connection with a mobile application platform and related services for video and text messaging, to Kik's substantial detriment. To protect its intellectual property rights and prevent Defendant from benefitting from its wrongful conduct, Kik has initiated this action.

## THE PARTIES

4.      Plaintiff is a corporation organized under the laws of the Canada with its principal place of business at 420 Weber Street North, Unit I, Waterloo, Ontario Canada N2L4E7.

5.      Upon information and belief, Keek is a corporation organized under the laws of Canada and maintains U.S. headquarters at 175 Varick Street, Floor 2, New York, NY 10014.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over Counts I and II of the Complaint pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338(a) because those causes arise under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act").  The Court has jurisdiction over Count III of the Complaint pursuant to 28 U.S.C. Section 1338(b).

7.      The Court has personal jurisdiction over Defendant because, upon information and belief, (i) Defendant maintains U.S. corporate headquarters in the State of New York and this judicial district; (ii) Defendant conducts business within the State of New York and this judicial district; (iii) Defendant has caused its software and services to be advertised, promoted, and sold under the KEEK trademark in the State of New York and this judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of New York and this judicial district; and (v) Defendant has caused tortious injury to Plaintiff in the State of New York and this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) upon information and belief, Defendant's U.S. corporate headquarters is located in the State of New York and this judicial district; (ii) Defendant conducts business within the State of New York and this judicial district; (iii) Defendant has caused its software and services to be advertised, promoted, and sold under the KEEK trademark in the State of New York and this

judicial district; (iv) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of New York and this judicial district; and (v) Defendant has caused tortious injury to Plaintiff in the State of New York and this judicial district.

## FACTUAL BACKGROUND

### PLAINTIFF'S BUSINESS AND THE KIK TRADEMARKS

9.     Kik is a leading developer of mobile social networking and messaging applications offered under the KIK Marks.  As a result of Plaintiff's efforts in developing and promoting its mobile applications, Plaintiff's mobile platform is among the most widely used in the United States.  Indeed, for the past three years Kik's mobile applications offered under the KIK Marks have consistently ranked among the most downloaded applications in the U.S. on both the Apple and Android platforms.

10.     Since at least as early as September 2010, Plaintiff has continuously used the inherently distinctive KIK and KIK MESSENGER word marks and KIK & Design logo mark to market its downloadable mobile messaging software throughout the United States. Since at least as early as November 2010, Plaintiff adopted and displayed on its website a design consisting of the lowercase letter "k" in green font accompanied by a blue dot (the "K & Design" mark or logo) and, since at least as early as September 2014, Plaintiff has also used that inherently distinctive K & Design logo in connection with its downloadable messaging software throughout the United States.  The KIK & Design and K & Design logos are depicted below.



11.     Since at least as early as November 2012, Plaintiff has also used KIK, KIK MESSENGER and KIK & Design trademarks throughout the United States in connection with

"providing a website featuring temporary use of non-downloadable computer software for sending and receiving digital data, namely, audio, video and photographic data, by means of telecommunications networks, wireless communication networks, and the Internet."

12.     Plaintiff has devoted substantial time, effort, and resources in developing and extensively promoting its KIK Marks and the software and services offered thereunder.  As a result of Plaintiff's efforts and the superior quality of the software and services offered under the KIK Marks, the public has come to recognize and rely upon the KIK Marks as an indication of Plaintiff's high quality social networking and electronic messaging software and services. Accordingly, the KIK Marks enjoy substantial goodwill in the marketplace and are valuable assets of Plaintiff.

13.     The KIK Marks are the subjects of the following registrations and applications on the Principal Register of the United States Patent and Trademark Office (the "USPTO"):

| Mark | Reg./Serial No. | Goods/Services |
|------|-----------------|----------------|
| KIK | 4,526,019 | **International Class 009:**<br>Computer software for use in downloading, displaying, transmitting, receiving, editing, extracting, encoding, decoding, playing, and storing data, namely, audio, video and photographic data; sound recordings featuring radio broadcasts featuring newscasts and sporting events, music, sound effects and ringtones; video recordings featuring music, digital video games, films, television shows, commercials, news reports; downloadable image files containing photographs.<br><br>**International Class 042:**<br>Providing a website featuring temporary use of non-downloadable computer software for sending and receiving digital data, namely, audio, video and photographic data, by means of telecommunications networks, wireless communication networks, and the Internet. |
| KIK MESSENGER | 86/586,722 | **International Class 009:**<br>Computer software for use with mobile phones and portable computing devices to exchange, share and create text with other |

| Mark | Reg./Serial No. | Goods/Services |
|---|---|---|
| | | users; computer software for electronic messaging services; Computer software for use with mobile phones and portable computing devices to exchange and share digital photos; Computer software for use with mobile phones and portable computing devices to download audio, video, digital photos and programs; Computer software for use with mobile phones and portable computing devices to create video and digital photos to share with other users; Electronic payment systems, namely, a computer application software used for processing electronic payments to and from others.<br><br>**International Class 036:**<br>Electronic payment services<br><br>**International Class 038:**<br>Electronic messaging services; wireless digital messaging services; telecommunications services, namely, electronic transmission of text messages; Telecommunications services, namely, electronic transmission of digital photos; Telecommunications services, namely, electronic transmission of audio, video, digital photos and computer programs; computer services, namely, providing interactive technology that allows users to create video and share audio and video with other users; Telecommunications services, namely, providing computer software services for use with mobile phones and portable computing devices to create video and digital photos to share with other users. |
| | 85/893,307 | **International Class 009:**<br>Computer software for use with mobile devices, namely, computers, personal digital assistants (PDAs) and mobile phones for downloading, displaying, transmitting, receiving, editing, extracting, encoding, decoding, playing, storing and organizing text, sound, images, audio files and video files<br><br>**International Class 038:**<br>Wireless messaging services; transmission, delivery and reception of text, sound, images, audio files and video files between computers, personal digital assistants (PDAs) and mobile phones |

| Mark | Reg./Serial No. | Goods/Services |
|---|---|---|
| | | **International Class 042:**<br>Providing an interactive website featuring online non-downloadable software that enables users to download, display, transmit, receive, edit, extract, encode, decode, play, store and organize text, sound, images, audio files and video files |
| | 86/391,116 | **International Class 009:**<br>Computer software for use in downloading, displaying, transmitting, receiving, editing, extracting, encoding, decoding, playing, and storing data, namely, text, sound, images, and audio, video and photographic data; software, namely, software for use in social networking; computer software to enable uploading, downloading, accessing, posting, displaying, tagging, blogging, streaming, linking, sharing or otherwise providing electronic media or information via computer and communication networks; software for sending and receiving electronic messages and alerts via the internet<br><br>**International Class 038:**<br>Telecommunications services, namely, electronic transmission of data, messages and information; peer-to-peer photo sharing services, namely, electronic transmission of digital photo files among internet users; wireless messaging services; transmission, delivery and reception of text, sound, images, and audio, video and photographic data files between computers, personal digital assistants (PDAs) and mobile phones |

14.     The registration for the KIK trademark is in full force and effect on the USPTO Principal Register and gives rise to presumptions in favor of Kik with respect to validity, ownership, and exclusive rights to use the KIK trademark throughout the United States.

15.     Plaintiff has devoted substantial time, effort, and resources in developing and extensively promoting its KIK Marks and the software and services offered thereunder.  As a result of Plaintiff's efforts and the superior quality of the software and services offered under the KIK Marks, the public has come to recognize and rely upon the KIK Marks as an indication of

Plaintiff's high quality social networking and electronic messaging software and services.

**16.**     Kik's messaging software and related services are enormously popular and have received numerous accolades and awards over the years.

**17.**     In addition to Kik's own advertising and promotion efforts, the KIK mobile application has been the subject of widespread unsolicited attention from the media.

**18.**     As a result of Kik's widespread and exclusive use of the KIK Marks in the United States, extensive advertising and promotion of the software and services offered in connection with the KIK Marks, continuous and unsolicited media coverage, the high degree of consumer recognition of the KIK Marks, and the strong and loyal base of users that Kik enjoys for its mobile software application and services, among other factors, the KIK Marks have become well known among the general consuming public in the United States.  The KIK Marks therefore embody the substantial goodwill and positive reputation that Kik owns in the marketplace and are valuable assets of Kik.

<u>**DEFENDANT'S USE OF THE KEEK TRADEMARKS**</u>

**19.**     Defendant has adopted, used, and is using the trademark KEEK in connection with its mobile software application and related services for sending and receiving video clips and text messages.

**20.**     Defendant also uses the following stylized KEEK mark and K & Design mark in connection with its offerings:

     

**21.**     In March 2015, Keek announced KEEK for Facebook Messenger, and began using the K & Design mark depicted above in conjunction with the blue dot Facebook

Messenger logo, as shown below.



22.     Keek now advertises its Facebook Messenger compatible offering as KEEK FOR MESSENGER.

23.     Keek owns a U.S. registration for the KEEK word mark in connection with products and services which overlap with Kik's offerings.

24.     The KEEK registration has a claimed priority date of December 29, 2010 on the basis of a Canadian trademark registration.

25.     Defendant's software and services offered under the KEEK Marks are offered through the same marketing and trade channels and to the same target customers as Plaintiff's software and services provided under the KIK Marks.  Both offer goods and services on the Internet through their respective websites and in mobile software application marketplaces such as the Apple App Store and Google Play.

26.     The KEEK trademark is highly similar to the KIK trademark, given that both single-syllable marks are palindromes beginning and ending with the letter "K," and both are displayed in lower-case letters.  In addition, upon information and belief, some users of Kik's mobile application pronounce the mark KIK as "keek."

27.     In addition to the foregoing, Keek's stylized KEEK mark is highly similar to Kik's KIK & Design mark because both marks are displayed in a similar green color.

28.     Keek's KEEK FOR MESSENGER mark, which is used to market Keek's Facebook Messenger compatible offering, is highly similar to the KIK MESSENGER mark in sight, sound, connotation, and overall commercial impression.

29.     Similarly, Keek's K & Design mark and Kik's K & Design mark are highly similar because both feature a lowercase letter "k" in a primarily green color scheme.  Moreover, Keek mimics what was once the only distinguishing characteristic between the marks — the blue dot depicted in Kik's K & Design mark — in its adoption of the blue dot Facebook Messenger logo in conjunction with its K & Design mark.

30.     There is no issue as to priority of use.  Plaintiff began using the KIK trademark prior to Defendant's alleged priority in the KEEK trademark.  Plaintiff also began using the KIK MESSENGER, KIK & Design, and K & Design marks well prior to Keek's adoption of, respectively, its KEEK FOR MESSENGER, KEEK (stylized), and K & Design marks.  The KIK Marks also acquired wide recognition among the national consuming public well prior to Defendant's use of the KEEK Marks.

31.     Plaintiff is not affiliated with Defendant or the software and services that Defendant offers in the United States.

32.     Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the confusingly similar KEEK Marks in connection with the production, marketing, or sale of any products or services.

33.     Defendant's use of the KEEK Marks in connection with mobile messaging software and related services has caused and is likely to continue to cause confusion in the marketplace, and infringes Plaintiff's valuable rights in its KIK Marks.

34.     Defendant's use of trademarks that are highly similar to Plaintiff's KIK Marks creates a false suggestion of an affiliation or connection between Defendant and Plaintiff.

35.     Plaintiff is informed and believes, and on that basis alleges, that Defendant had knowledge of Plaintiff and its KIK messaging application prior to Defendant's adoption of the

confusingly similar KEEK Marks.  Accordingly, on information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff and its KIK Marks.

36.     The actions of Defendant described above have damaged and are likely to continue to damage Plaintiff unless restrained.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

37.     Plaintiff incorporates by reference paragraphs 1 through 36, inclusive, as if fully set forth here.

38.     The KIK trademark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff.

39.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has marketed and offered in commerce mobile messaging software and related services under the confusingly similar KEEK trademark.

40.     Defendant's continued use of the KEEK trademark in connection with its mobile messaging products and services is likely to continue to cause confusion, mistake, or deception as to the source or sponsorship of the products and services and/or is likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's mobile messaging software and services.

41.     Plaintiff has no control over the nature and quality of the goods and services offered by Defendant under the KEEK trademark, and Plaintiff's reputation and goodwill will be damaged and the value of the registered KIK trademark jeopardized by Defendant's continued use of the KEEK trademark.  Furthermore, because of the likelihood of confusion between the parties' marks, any defects, objections, or faults found with Defendant's mobile messaging

software and services marketed under the KEEK trademark could negatively reflect upon and injure the reputation that Plaintiff has established for the mobile messaging software and services it offers in connection with the registered KIK trademark.   As such, Defendant is liable to Plaintiff for infringement of a registered mark under 15 U.S.C. §1114.

42.   Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of the Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of the KIK trademark are difficult to ascertain with specificity.   Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.   Plaintiff is entitled to recover damages in an amount to be determined at trial and the profits made by Defendant on the sale of its KEEK branded mobile messaging software and services.   Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's infringement of the registered KIK trademark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the KIK trademark and an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117.   Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

44.   Plaintiff incorporates by reference paragraphs 1 through 43, inclusive, as if fully set forth here.

45.   Defendant has used in commerce, and without Plaintiff's authorization or consent, the KEEK Marks in connection with mobile messaging software and services, which are highly

similar to the common law KIK Marks in appearance, sound, meaning, and overall commercial impression.

46.     Defendant's actions as described herein have caused and are likely to continue to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's use of the KEEK Marks in connection with mobile messaging software and related services.

47.     The aforesaid wrongful acts of Defendant constitute the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

48.     Defendant's false designation of origin through use of the KEEK Marks has caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's KIK Marks, business, reputation, and goodwill, for which Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49.     Plaintiff is entitled to recover damages in an amount to be determined at trial and profits made by Defendant from its mobile messaging software and related services offered under the KEEK Marks.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, deception, making this an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117.  Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, as well as prejudgment interest.

### THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

50.     Plaintiff incorporates by reference paragraphs 1 through 49, inclusive, as if fully set forth here.

51.    Defendant's advertisement, promotion, sale, and/or offering for sale of software and services using a trade name and trademarks that are confusingly similar to Plaintiff's KIK Marks, constitutes unfair competition against Plaintiff in violation of New York's common law of unfair competition.

52.    Defendant's unfair competition is based on Defendant's misappropriation or attempted misappropriation of Plaintiff's trade name and trademarks and the goodwill and reputation associated therewith in a manner which has deceived and confused, and is likely to continue to deceive and confuse, the public into believing that Defendant and its offerings originate with or are approved, sponsored by, or otherwise associated with Plaintiff.

53.    Defendant's actions are causing, and unless enjoined will continue to cause, competitive injury and irreparable harm to the value and goodwill of Plaintiff's KIK Marks, business and reputation, for which Plaintiff has no adequate remedy at law.  On information and belief, Defendant's actions are willful.

54.    As a direct and proximate result of Defendant's wrongful use of the KEEK Marks, Plaintiff will incur damages consisting of, among other things, diminution in the value of and goodwill associated with its trademarks.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.    That this Court grant preliminary and permanent injunctive relief enjoining Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, affiliates, assigns and successors in interest, and all other persons acting in concert with it from using the KEEK Marks in connection with the marketing, promotion, advertising, sale, or distribution of any electronic messaging related

product or service in the United States; and from engaging in any acts of unfair competition utilizing any names or trademarks that are confusingly similar to Plaintiff's KIK Marks;

B.      That this Court order an accounting of Defendant's profits pursuant to Defendant's unlawful activities and award all of said profits to Plaintiff as damages sustained by Plaintiff due to Defendant's acts complained of herein;

C.      That this Court order Defendant to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

D.      That this Court order the cancellation of U.S. Registration No. 4,166,529 pursuant to 15 U.S.C. § 1119;

E.      That Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing Plaintiff's registered KIK mark;

F.      That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's electronic messaging software and services;

G.      That Defendant be adjudged to have violated New York's law of unfair competition by misappropriating and attempting to misappropriate Plaintiff's goodwill and reputation symbolized by the KIK Marks;

H.      That this Court award Plaintiff three times Defendant's profits and three times all of Plaintiff's damages, suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiff's costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

I.      That this Court award Plaintiff prejudgment and post judgment interest;

J.      That this Court grant Plaintiff such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.


Dated:  June 12, 2015                    Respectfully submitted,

                                         **COOLEY LLP**


                                         By: /s/ Janet L. Cullum
                                             Janet L. Cullum
                                             1114 Avenue of the Americas
                                             New York, New York 10036-7798
                                             (212) 479-6500
                                             jcullum@cooley.com

                                             *Counsel for Plaintiff*